UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH LEE MARTIN, JR.                                CIVIL ACTION

VERSUS                                                 NO. 09-2116

ST. TAMMANY PARISH JAIL ET AL.                         SECTION "F" (2)

# FINDINGS AND RECOMMENDATION

Plaintiff, Kenneth Lee Martin, Jr., is a prisoner currently incarcerated in the LaSalle Correctional Center in Olla, Louisiana. He filed this pro se complaint in the United States District Court for the Western District of Louisiana pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Jail, Warden Al Strain, Lt. Longino and Corporal Kelly alleging various inadequate conditions of confinement. Plaintiff's complaint was transferred to this court from the Western District on February 3, 2009. Record Doc. Nos. 1 and 3 (Complaint and Memorandum Order of Transfer).

Upon receipt of plaintiff's complaint from the Western District, the Clerk's Office noted that the complaint was not accompanied by the $350.00 filing fee or an application to proceed in forma pauperis. The Clerk's Office sent plaintiff a deficiency letter on February 9, 2009, asking plaintiff to correct this deficiency. The court received no response from plaintiff.

Subsequently, by order dated March 10, 2009, plaintiff was instructed that if he intends to pursue his complaint, he must submit either the $350.00 filing fee or an application to proceed in forma pauperis, with the inmate account certification required by law, no later than April 9, 2009. An Application to Proceed Without Prepayment of Fees and Affidavit was enclosed with the court's order. Plaintiff was advised that failure to comply with the court's order may result in dismissal of his complaint. Record Doc. No. 5. A review of the record indicates that this order was mailed to plaintiff at the address listed on his complaint at the St. Tammany Parish Jail. This mail was returned to the court with a notation that plaintiff was no longer incarcerated in the St. Tammany Parish Jail, Record Doc. No. 6, and therefore no response from plaintiff to the court's order was received.

Because mail sent to plaintiff by the court had been returned, staff of the undersigned magistrate judge inquired and were advised by staff of both the St. Tammany Parish Jail and the LaSalle Correctional Center that plaintiff had been transferred to the LaSalle Correctional Center on February 3, 2009. Accordingly, by order dated April 17, 2009, addressed to plaintiff at the LaSalle Correctional Center, plaintiff was granted until May 11, 2009 to respond to the court's previous order requiring him to either pay the $350.00 filing fee or submit a completed pauper application, including the certified inmate account statement. Plaintiff was further

advised that it is his responsibility to keep the court advised of any address change and that failure to comply with the orders of this court may result in dismissal of this action. A copy of the court's previous order, Record Doc. No. 5 and an Application to Proceed Without Prepayment of Fees and Affidavit were enclosed with the court's order. The Clerk was directed to mail a copy of the order to plaintiff at the address provided to the court by staff of the LaSalle Correctional Center. Record Doc. No. 7. This order has <u>not</u> been returned to the court, and no response from plaintiff has been received.

Some mail addressed to plaintiff from the court has been returned. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following undated declaration signed by plaintiff: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the

plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the Clerk of Court's February 9, 2009 deficiency letter and the court's March 10 and April 17, 2009 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with either the $350.00 filing fee or application to proceed in forma pauperis requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Kenneth Lee Martin, Jr., be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __15th__ day of May, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE